[Cite as *Cleveland v. Ignatov*, 2012-Ohio-596.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97011**

---

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## YULIYAN T. IGNATOV

DEFENDANT-APPELLANT

---

**JUDGMENT:**
**AFFIRMED IN PART, REVERSED IN PART AND VACATED IN PART**

---

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2011 TRD 017013

**BEFORE:** Sweeney, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 16, 2012

**ATTORNEY FOR APPELLANT**

Scott A. Rumizen, Esq.
Kraig & Kraig
815 Superior Avenue
1920 Superior Building
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Gina M. Villa, Esq.
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

Victor R. Perez, Esq.
Chief City Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

**{¶1}** Defendant-appellant Yuliyan T. Ignatov appeals the judgment of the Cleveland Municipal Court that found him guilty of two misdemeanor traffic violations. For the reasons that follow, we affirm in part and reverse and vacate in part.

**{¶2}** At the bench trial, the following evidence was introduced:

**{¶3}** On March 7, 2011, defendant was driving a truck southbound on East 71st Street, a thoroughfare with enough room for two vehicles to travel side-by-side in the same direction. Michael Dungy was driving his grandmother's car in the same direction. Mark Smith also testified that he was driving at the same time in the same direction behind them.

**{¶4}** Defendant positioned his truck near the center line as he intended to make a right-hand turn onto Park Avenue. Defendant testified that the truck had to be in this position in order to make the right-hand turn at the intersection. Defendant testified that he used his directional and checked his rearview mirror. He did not see Dungy's vehicle on the inside curb lane of East 71st Street.

**{¶5}** Dungy testified that he moved into the right lane and was passing defendant's truck. At that time, he did not observe any indicator lights being used by defendant. Dungy said his rate of speed was about 25 miles per hour. As he was passing defendant's truck, the truck started turning right and Dungy began beeping his horn and

slowing down. He said defendant was not paying attention and the trailer part of the truck struck Dungy's vehicle causing damage.

{¶6} Dungy observed that defendant was wearing a headset, which defendant confirmed he used in order to be able to talk on his phone.

{¶7} Smith testified that he was leaving a donut store when he noticed the truck. He was intending to write down the trucking company's name or number to provide to a friend looking for work. Smith recalled looking for a pen when his attention was redirected to the truck, which was involved in a collision at the intersection of East 71st and Park. Smith caught up with defendant who apparently had not realized his trailer hit Dungy's vehicle. Smith offered to drive defendant back to the scene and gave him his contact information.

{¶8} Defendant and Dungy both spoke to Officer Litton who had responded to the scene. Defendant did not advise Officer Litton that Smith was an eyewitness and Smith had already left.

{¶9} After conducting an investigation, Litton cited defendant for violating two city ordinances, Cleveland Codified Ordinances 431.10 and 431.34C. At trial, Litton testified that defendant had to angle his truck from the center lane in order to make the right turn.

{¶10} The trial court found defendant guilty of both misdemeanors and defendant appeals from these convictions.

I.

The Trial Court erred by finding Defendant guilty on both citations as it was against the manifest weight of the evidence.

II.

The Trial Court erred by failing to apply the "reasonable doubt" standard of proof in determining Defendant's guilt or innocence.

We address these assignments of error together.

{¶11}    When reviewing sufficiency of the evidence, an appellate court must determine, "after viewing the evidence in a light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 273, 574 N.E.2d 492 (1991).

{¶12}    The proper test for an appellate court reviewing a manifest weight of the evidence claim is as follows:

> The appellate court sits as the "thirteenth juror" and, reviewing the entire record, weighs all the reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶13}    Cleveland Codified Ordinances 431.10(a) provides:

The driver of a vehicle intending to turn at an intersection shall be governed by the following rules:

(a)  Approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway.

{¶14}     The Cleveland police officer who issued the citation testified that defendant's truck was in a lawful position when he attempted to make his right turn.   The officer specifically testified that defendant would "have to make a wide right turn to go down Park Avenue * * * most trucks would make a wide right turn into the left lane, across the right lane."

{¶15} Upon further examination, the defense elicited the following testimony from Officer Litton:

> So for a truck to make a turn is it your testimony that the truck —
> that the truck would not be able to make a turn from what we'll call the
> right lane, we'd have to be in the middle of that road?
>
> Yes, that's correct.

{¶16}     All of the other evidence in the record corroborates the fact that in order to make a right turn from 71st Street onto Park a truck would have to make a wide turn. Accordingly, defendant's conviction under this ordinance was against the manifest weight of the evidence and was not supported by sufficient evidence.

{¶17}     Cleveland Codified Ordinances 431.34C provides:

{¶18}     "(c)    No person shall operate a motor vehicle or motorcycle without giving his full time and attention to the operation of such vehicle."

{¶19}     There was ample evidence in the record to support defendant's conviction for violating this ordinance.   For example, Dungy testified that he was beeping his horn

trying to get defendant's attention. Defendant was wearing a headset and did not see Dungy's vehicle. According to Smith, defendant was unaware that he had hit Dungy's vehicle. The court did not err by finding defendant guilty of violating this ordinance.

**{¶20}** Defendant's conviction under Cleveland Codified Ordinances 431.34C is affirmed but his conviction under Cleveland Codified Ordinances 431.10(a) is reversed and vacated.

**{¶21}** Judgment affirmed in part and reversed and vacated in part.

It is ordered that appellee and appellant split the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

JAMES J. SWEENEY, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR